[Crim. No. 2420. In Bank.—June 1, 1922.]

In the Matter of FRANK FUJII on Habeas Corpus.

[1] FRUIT AND VEGETABLE STANDARDIZATION ACT—SIZE OF CONTAINERS —CONSTITUTIONALITY OF ACT.—The California Fruit and Vegetable Standardization Act (Stats. 1921, c. 719) is not unjustifiedly discriminatory and therefore unconstitutional in providing that strawberries may only be packed, shipped, and sold in dry pint containers, while other kinds of berries may be packed, shipped, and sold in dry one-half pint containers.

APPLICATION for a Writ of Habeas Corpus to procure the discharge of petitioner, who was charged with violating the California Fruit and Vegetable Standardization Act. Writ denied.

The facts are stated in the opinion of the court.

Eugene F. Conlin for Petitioner.

U. S. Webb, Attorney-General, and R. W. Harrison, Deputy Attorney-General, for Respondent.

THE COURT.—Application for a writ of *habeas corpus*. The applicant was arrested upon the charge of a violation of the provisions of an act of the legislature known as "The California Fruit and Vegetable Standardization Act" (Stats. 1921, c. 719, p. 1234), committed by the applicant on or about the twenty-ninth day of October, 1921, in the city and county

Validity and construction of statutes regulating net weight of food packages, notes, Ann. Cas. 1916B, 1169; Ann. Cas. 1916D, 551.

of San Francisco, as follows: That the said Frank Fujii "then and there unlawfully, feloniously, maliciously and willfully did sell, offer for sale and expose for sale certain strawberries in containers holding less than one dry pint, to wit: one-half dry pint, contrary to the force and effect of the statute, etc.''

The applicant now seeks this writ, basing his application upon the ground that the particular provision of said act with the violation of which he is charged is unconstitutional, for the reason that the same is not uniform in its operation but is discriminatory, in that it imposes an arbitrary and unreasonable limitation and restriction upon the property rights of the applicant in the ownership and sale of his strawberries. The particular provision of said act which the application thus assails, reads, in part, as follows:

"Section 7. Standard packages are hereby established as follows: . . . (2) Standard berry baskets, dry pint containing an interior capacity of approximately thirty-three and six-tenths cubic inches and dry one-half pint containing interior capacity of approximately sixteen and eight-tenths cubic inches; *provided, that the standard basket for strawberries shall be the dry pint.*"

Section 14 of the act makes it unlawful for any person, firm, company, organization, or corporation "to pack or cause to be packed for sale or shipment, import, sale, offer for sale or deliver for shipment, any of the fresh fruits, nuts or vegetables specified in the act that do not conform to the standards herein provided. It shall also be unlawful to prepare, sell or offer for sale a deceptive pack of fresh fruits, fresh vegetables, etc., or to mislabel any pack of such fruits, nuts or vegetables." [1] The particular discrimination upon which the applicant herein relies is that created by the foregoing provisions in section 7 of said act as between the growers and sellers of strawberries and the growers and sellers of other berries, such as blackberries, loganberries, raspberries, huckleberries, currants, and the like, which latter berries may be packed, shipped, and sold in dry one-half pint containers while strawberries may only be packed, shipped, and sold in dry pint containers. This, the applicant contends, creates a discrimination for which no proper basis in the way of legitimate classification exists. The applicant offers no

evidence in support of this contention, but relies upon the face of the statute itself, and, in a measure, upon common knowledge as to the comparative sizes and properties of these respective species of berry product as furnishing the necessary support of his claim. The respondent to the petition herein, on the other hand, presents, as a part of his showing in support of the lawfulness of the petitioner's detention, the actual containers used in the packing, shipment, and sale of these respective berry products in conformity with the standards fixed by the statute, both in the form of the individual basket in both the pint and half-pint sizes and of the larger container known as the berry box or tray, which holds six baskets of either the pint or half-pint size. In this meager state of the record we are asked by the applicant to hold this act, as to the particular provision above quoted, unconstitutional, as showing upon its face an unjustified discrimination against the growers, shippers, and sellers of strawberries. We are unable to so hold even with the aid of that common knowledge of the similarities and differences in the several species of berries which the applicant seeks to invoke in aid of his contention. It is a matter of common observation and knowledge that strawberries are, as a rule, much larger than the other varieties of berries referred to and that, as a rule, they are less uniform as to size and also as to form, especially in the larger varieties. It is also a matter of common observation and knowledge that strawberries cannot be placed as compactly in containers as other varieties of berries can without rendering them liable to crushing, with the consequence of their speedy degeneration and decay. These facts of themselves would seem to furnish some basis for a classification having to do with the size of containers, but when there is added to these matters of common observation and knowledge the showing made by the respondents as to the particular forms and sizes of berry containers in common use, both as to the individual basket and as to the larger box or tray, holding in each case six baskets, the reason for the classification made by the act in question becomes obvious. The half-pint basket in common use for berries is shown to have the same area as to its upper sur-

face as the pint basket, the difference in content being due to the fact that it is much shallower in depth and of much less area as to its bottom. It is reasonably plain that this reduction in area would work to the disadvantage of the larger, more rigid, and less uniform strawberry; or, in other words, that the ratio in quantity and weight would not remain constant with the reduction in size of the container. But the chief difficulty does not lie here, but rather in the divergences in ratio and opportunities for deception furnished by the customary use of the larger box or tray in the packing, shipment, and sale of the berries. These larger boxes or trays are of uniform size whether containing the pint or half-pint basket. In each case six baskets fill the tray. When these baskets are filled with berries and placed in these trays the upper and visible area is the same in the tray containing half-pint baskets as it is in the tray containing pint baskets. The interior, or lower area of each size of basket, is concealed and thus the purchaser has no ready means of detecting the difference in content of the two trays although the one has but half the content of the other. This opportunity for deception would not be so serious if the two sets of trays and baskets were exhibited side by side for comparison or other test as to their content, but this condition would rarely be presented if the purpose of the seller was that of deception. The act in question evidently had this precise matter in view in its provision, above quoted, making it unlawful "to prepare, sell or offer for sale a deceptive pack etc." It may be argued that this opportunity for deception is as great in the other species of berries as in the case of strawberries but the answer is that the same inconsistent proportion in content which was seen to exist in case of the individual baskets would also appertain in a larger degree to a cluster of baskets in the trays of uniform area. We think, therefore, that there is a sufficient basis for the classification made use of in this act to justify the discrimination as to the size of containers for strawberries.

With the policy of the law we have not to deal, but it may be said that acts of this character having for their purpose the protection of the purchasing public by the elimination of deceptive methods in the marketing of products are bene-

ficial in a high degree and that such acts are to be liberally construed so as to give effect to their salutary regulations.

The writ is denied and the petitioner remanded.

Lawlor, J., Wilbur, J., Richards, J., *pro tem.*, Shurtleff, J., and Waste, J., concurred.